IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE M. GORE, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:15-CV-0272-K (BH) |
| | ) | |
| TENE CALLAHAN , | ) | Referred to U.S. Magistrate Judge |
| Judge, 302nd Judicial District Court, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3–251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On January 28, 2015, Terrence M. Gore (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a December 3, 2013 order from the 302nd Judicial District Court of Dallas County, Texas, in *In the Matter of the Marriage of Rachel Gore and Terrence Gore,* No. 12-12707, that held him in contempt for failure to pay child support. (doc.1, at 2.) He previously filed an original petition for writ of habeas corpus in the Fifth District Court of Appeals, and it denied the petition. *In re Gore,* No. 05-14-01422-CV, 2014 WL 6466845, at *1 (Tex. App.–Dallas, Nov. 19, 2014). He also filed a petition for writ of habeas corpus in the Texas Supreme Court, and it also denied his petition. *In re Terrence M. Gore,* No.14-1011 (Tex. Jan. 9, 2015), available at http://www.search.txcourts.gov/case.aspx?cn=14-1011&coa=cossup&p=1.

Here, Petitioner claims that the state court (1) lacked jurisdiction to enter a temporary order for a child support violation, (2) entered the order without properly taking account of the statutory guidelines, (3) relied upon false information in determining contempt, and (4) entered an order based

upon a motion for enforcement of contempt and confinement that was defective under state law. (doc. 1, at 6-7.) He has named the state court judge who presided over the contempt proceedings as the respondent. (doc. 1, at 1.)

## II. NATURE OF SUIT

Petitioner submitted his petition on the standard form for filing a "petition for writ of habeas corpus by a person in state custody," under 28 U.S.C. § 2254(a). Section 2254 is reserved for habeas petition brought on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Petitioner does not allege that he is or was in custody within the meaning of § 2254; rather he challenges a civil contempt proceeding. "A person incarcerated for civil contempt is 'in custody' for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241". *Nixon v. 301st Judicial District Court,* No.3:06-CV-1787-G, at *1 (N.D. Tex. Jan. 33, 2007) (citing *Fernos-Lopez v,. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991); *Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) (holding that indigents in prison for failure to pay child support could challenge constitutionality of confinement in a habeas action); and *Ridgway v. Baker,* 720 F.2d 1409 (5th Cir. 1983) (habeas relief granted to civil contemnor imprisoned for nonsupport)). Petitioner's challenge therefore properly arises under § 2241 rather than § 2254.

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

2

They have "a continuing obligation to examine the basis for jurisdiction."., 896 F.2d 170, 173 (5th Cir.1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus under § 2241(c)(3) only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over a § 2241 petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987). Generally, the "in custody" requirement is satisfied when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition. *See Maleng,* 490 U.S. at 491-92 (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). While actual physical detention is not required to meet the custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham,* 371 U.S. 236 (1963). In *Maleng*, the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

Here, it is not clear that Petitioner was ever actually confined, since the December 3, 2013 contempt order also suspended the order of commitment. *See In re Terrence M. Gore,* No.05-14-01422-CV (Nov. 4, 2014 Pet. for Writ of Habeas Corpus, Tab 2). His federal petition lists a street address in DeSoto, Texas, and states that he hand-delivered it to the Clerk of Court. (doc. 2. at 10.) Also, the original proceeding for writ of habeas corpus he filed in the court of appeals was expressly dismissed, on November 19, 2014, because he failed to provide "proof that [he] is actually confined

3

or restrained." *In re Gore,* 2014 WL 6466845, at *1.[1]  Because Petitioner is not "in custody" for purposes of § 2241(c)(3), this habeas petition should be dismissed for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

The request for habeas corpus relief filed under 28 U.S.C. § 2254 should be construed as a petition for relief under § 2241(c)(3) and **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED this 17th day of February, 2015.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] In Texas, the only method to challenge a contempt order (if the contemnor is confined and the matter stems from a civil law matter) is through an original habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals. *See* Tex. R. App. P. 52; *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex.1997) (civil and criminal contempt order presented to the Texas Supreme Court in an original habeas corpus proceeding); *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex.1996) (per curiam) (same); *Ex parte Barnett*, 600 S.W.2d 252, 253 (Tex.1980) (same). The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Art. V, § 3 and Texas Government Code § 22.002(e) (Vernon Supp.2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1737). Concurrently with the Texas Supreme Court, the Texas intermediate appellate courts have jurisdiction to issue such writs in cases related to divorce, spouse or child support, or child custody as prescribed by Texas Government Code § 22.221(d) (Vernon Supp.2006) (formerly Tex. Rev. Civ. Stat. Ann. art. 1824a) (footnote and citations omitted).

*Nixon,* 2007 WL 14282, at *2.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE