IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE M. GORE,            ) | |
|     Petitioner,            ) | |
| vs.                                              ) | No. 3:15-CV-0272-K (BH) |
|                                                     ) | |
| TENA CALLAHAN,[1]                 ) | Referred to U.S. Magistrate Judge |
| Judge, 302nd Judicial District Court, ) | |
|     Respondent.            ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3–251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction. To the extent that the Court does have subject matter jurisdiction, the petition should be **DISMISSED** for failure to state a claim upon which relief may be granted. The petitioner's *Motion for Temporary Relief and Stay Pending Decision on Writ of Habeas Corpus,* filed March 6, 2015 (doc. 9), should be **DENIED.**

### I. BACKGROUND

On January 28, 2015, Terrence M. Gore (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging an order holding him in contempt for failure to pay child support in *In the Matter of the Marriage of Rachel Gore and Terrence Gore,* No. 12-12707. (doc.1 at 2.) On December 3, 2013, the 302nd Judicial District Court of Dallas County, Texas, found that Petitioner was significantly in arrears on his child support payments, ordered him to pay specific amounts of child support, and directed that he be confined. (doc. 18-2 at 2-7.) It suspended that commitment order, however, on the conditions that he pay the arrearages and a fine and attend Battering Intervention and Prevention Program (BIPP) classes. (*Id.*) On May 15, 2014, Petitioner's

---

[1] The petitioner misspelled the respondent's name in his petition. (*See* doc. 12.)

ex-wife filed a motion to revoke the suspension of the commitment order and for an order that he appear to answer allegations that he was not meeting his obligations under the contempt order. (doc. 18-3 at 2-5.)  After a hearing on August 18, 2014, the state court issued an order for a capias to issue due to Petitioner's failure to appear at the scheduled hearing. (doc. 18-4 at 2.)

Petitioner filed an original petition for writ of habeas corpus in the Fifth District Court of Appeals, and that court denied the petition. *In re Gore,* No. 05-14-01422-CV, 2014 WL 6466845, at *1 (Tex. App.–Dallas, Nov. 19, 2014).  He also filed a petition for writ of habeas corpus in the Texas Supreme Court, which it denied. *In re Terrence M. Gore,* No.14-1011 (Tex. Jan. 9, 2015), available at http://www.search.txcourts.gov/case.aspx?cn=14-1011&coa=cossup&p=1.

Petitioner filed his federal petition on January 28, 2015, naming the state court judge who presided over the contempt proceedings as the respondent, and raising the same claims that he raised in state court. (doc. 1 at 1.)  He claims that the state court (1) lacked jurisdiction to enter a temporary order for a child support violation, (2) entered the order without properly taking account of the statutory guidelines, (3) relied upon false information in determining contempt, and (4) entered an order based upon a motion for enforcement of contempt and confinement that was defective under state law. (doc. 1 at 6-7.)  The respondent filed an answer on June 9, 2015. (doc. 18.)

## II. NATURE OF SUIT

Petitioner submitted his petition on the standard form for filing a "petition for writ of habeas corpus by a person in state custody," under 28 U.S.C. § 2254(a).  Section 2254 is reserved for habeas petition brought on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Petitioner does not allege that he is or was in custody within the meaning of

2

§ 2254; rather he challenges a civil contempt proceeding. "A person incarcerated for civil contempt is 'in custody' for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241". *Nixon,* 2007 WL 14282, at *1 n.1 (citing *Fernos-Lopez v,. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991); *Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) (holding that indigents in prison for failure to pay child support could challenge constitutionality of confinement in a habeas action); and *Ridgway v. Baker,* 720 F.2d 1409 (5th Cir. 1983) (habeas relief granted to civil contemnor imprisoned for nonsupport)). Because Petitioner's challenge arises from a contempt proceeding in state civil district court, it should be construed as a petition under § 2241 rather than § 2254.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). They have "a continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus under § 2241(c)(3) only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over a § 2241 petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987). Generally, the "in

custody" requirement is satisfied when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition. *See Maleng,* 490 U.S. at 491-92 (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). In *Maleng*, the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

The Supreme Court has also made clear that "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 300 (1984) (quoting *Jones v. Cunningham*, 371 U.S. 236, 239 (1963) (petitioner released on parole) and (citing *Hensley v. Municipal Court*, *San Jose Milpitas district, et al.*, 441 U.S. 345 (1973) (petitioner released on personal recognizance pending execution of sentence).

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley*, 411 U.S. at 351.

In *Hensley*, the Supreme Court considered whether a petitioner who was sentenced to a year of confinement and a $625 fine, but was released on his own recognizance while seeking habeas relief, met the "in custody" requirement. It laid out three considerations: (1) whether the petitioner was subject to restraints not on the general public; (2) whether incarceration was "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether holding that there was no custody simply postponed the habeas case until the

4

petitioner was in jail. *Hensley*, 411 U.S. at 351-53.

Because the petitioner was obliged to appear at all times and places as ordered by any court or magistrate and he could not come and go as he pleased, the Supreme Court found that the first consideration weighed in favor of finding that the petitioner met the "in custody" requirement. *Id.* at 351. It also found that the second factor weighed in favor of an "in custody" finding because there was nothing speculative about the petitioner's incarceration where was only free pursuant to a stay, and the State had emphatically indicated its intent to put him behind bars. *Id.* at 351-52. The Supreme Court explained, "[t]his is not a case where the unfolding of events may render the entire controversy academic." *Id.* at 352. As for the third consideration, the Court found that failure to deem the petitioner to be "in custody" would "do no more than postpone th[e] habeas corpus action until petitioner had begun service of his sentence." *Id.* at 352.

The Fifth Circuit applied the *Hensley* considerations in *Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982), to decide if a petitioner who had been convicted of a fine-only offense met the custody requirements of 28 U.S.C. §§ 2241(c)(3) and 2254(a). The petitioner had failed to pay the fine, resulting in a capias for his arrest because of the nonpayment. *Id.* at 996. The Fifth Circuit noted, "[i]t is entirely within the power of state courts to enforce their judgments through sanctions that provide for incarceration for willful refusal to pay a fine." *Id.* at 999. Addressing the second *Hensley* factor, it wrote:

> [T]he possible incarceration here does not depend on a number of factors over which Spring has no control. On the contrary, by paying the fine, Spring will be able to avoid his incarceration altogether. He truly holds the keys to the jailhouse door.

*Id.* at 998.

In this case, all three *Hensley* considerations compel a finding that Petitioner is not "in

5

custody" in this case. He has no restrictions on his movement as a result of the December 3, 2013 order that he challenges. (doc. 18-2, at 4-5.) The order simply states that he is to be confined until he pays child support arrearages, attorney's fees, and a fine, but the order also suspends that commitment as long as he pays his child support arrearages, the fine, and attends BIPP classes. *Id.* Although Petitioner claims that the subsequent capias order has interfered with his free movement, it issued for his failure to attend a court hearing of which he had notice. (doc. 18-4 at 2.) With regard to the second consideration, Petitioner's incarceration is entirely speculative. As in *Spring,* he has complete control over whether he will be incarcerated because he needs only to pay the child support he owes pursuant to state law to avoid incarceration. The State's only intention is clear-- enforcement of the order for the payment of child support--not the imposition of jail time. As to the final factor, Petitioner has no sentence to serve as long as he pays his court-ordered child support. A future habeas proceeding is not inevitable.

Petitioner cites *In re Edwards,* No.01-13-0202-CV, 2014 WL 3738056, at *1-2 (Tex. App.-Hous. [1st Dist.] 2014, no pet.), in support of his claim that he is in custody. It held that the petitioner's liberty had been restrained because a writ of commitment had issued for his arrest on an order that he be confined for 180 days for contempt arising from a failure to pay child support. *Id.* The petitioner had actually been ordered to serve several concurrent 180 day terms and was awaiting issuance and execution upon him of the writ of commitment, however. *Id.* at *1.[2] Here, Petitioner has not yet been subjected to any order or writ of commitment that would cause him to serve a term of confinement.

Petitioner also argues that he is "in custody" because a capias order issued from the state

---

[2] He had also previously been imprisoned for prior failures to pay child support. *See In re Edwards*, No.01-10-00992-CV, 2011 WL 2089805, at *1-3 (Tex. App.-Hous. [1st Dist.] 2011, no pet.).

6

court, and Texas cases recognize that the "issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief." *See In re Bourg,* No.01-08-00618-CV, 2008 WL 3522241, at *2 (Tex. App.-Hous. [1st Dist.] 2008, no pet.) (citing *In re Aguilera*, 37 S.W. 3d 43, 47 (Tex. App.-El Paso 2000, no pet.). Although *Bourg* also arose from a contempt order by a state civil court judge in enforcement of a divorce decree, the petitioner had already been subjected to an order sentencing her to 180 days confinement, she had been confined for 25 days of that term, and she was still subject to serving the remainder of the confinement in a probated sentence subject to certain terms and conditions. *Id.* at *1. In *In re Aguilera*, 37 S.W. 3d at 46-7, the relator challenged his actual arrest and several hours of detention pursuant to a writ of capias after he had been held in contempt for failing to appear at a show cause hearing. *Id.* Unlike these cases, Petitioner is not presently subject to any potential term of confinement. He is only subject to a capias order that authorizes a Sheriff or any peace officer to "bring him before this court to answer the allegations of the enforcement order previously served on Terrence Gore." (Doc. 18-4 at 2.)

Petitioner has not shown that he was ever actually been confined. The December 3, 2013 contempt order suspended the order of commitment. (doc. 18-2 at 4-5.) Petitioner listed a street address in DeSoto, Texas, on his federal petitioner, and he states that he hand-delivered the document to the Clerk of Court. (doc. 2. at 10.) His original proceeding for writ of habeas corpus in the state court of appeals was expressly dismissed on November 19, 2014, because Petitioner failed to provide "proof that [he] is actually confined or restrained." *In re Gore,* 2014 WL 6466845, at *1. Because he has not shown that he is "in custody" for purposes of § 2241(c)(3), this habeas petition should be dismissed for lack of subject matter jurisdiction. Because the Court lacks jurisdiction over this action, Petitioner's motion to stay should be denied.

## IV.   FAILURE TO STATE A CLAIM

Even if the Court finds that it has subject matter jurisdiction, Petitioner's claims are still subject to dismissal for failure to state a claim.

It is not the function of a federal habeas court to review a state's interpretation of its own law. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983)). The Fifth Circuit "'do[es] not sit as a "super" state supreme court in a habeas corpus proceeding to review errors under state law.'" *Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir. 1979) (citation omitted); *see also Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure."). Rather, a federal habeas corpus action is only available for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)); and *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." )

Petitioner has not demonstrated that he was deprived of any right guaranteed to him by the United States Constitution, laws or treaties of the United States.  *Malchi*, 211 F.3d at 957.  He alleges only violations of state law.  (doc. 1 at 6-7.)  This Court may not reinterpret state law and find that the trial court erred. *See Charles v. Thaler*, 629 F.3d 494, 500-501 (5th Cir. 2011) ("A

federal court lacks authority to rule that a state court incorrectly interpreted its own law.") Accordingly, he is entitled to no relief even if the Court does have jurisdiction.

## V. RECOMMENDATION

The request for habeas corpus relief filed under 28 U.S.C. § 2254 should be construed as a petition for relief under § 2241(c)(3) and be **DISMISSED** for lack of subject matter jurisdiction. The motion to stay should be denied. To the extent that the Court has jurisdiction, the petition should be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**SO ORDERED this 7th day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE