**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TERRENCE M. GORE,** )<br>　　　**Petitioner,** )<br>**vs.** )<br> )<br>**TENE CALLAHAN,** )<br>**Judge, 302nd Judicial District Court,** )<br>　　　**Respondent.** ) | **No. 3:15-CV-0272-K (BH)** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005), before the Court are the petitioner's *Request for Extension of time to File a Notice of Appeal,* filed on August 13, 2015 (doc. 28), and *Request for Extension of time to File a Notice of Appeal*, filed on August 14, 2015 (doc. 29).  Based on the relevant filings and applicable law, the motions should be denied.

**I. BACKGROUND**

By order and final judgment entered on July 9, 2015, Terrence M. Gore's (Petitioner) petition for writ of habeas corpus under 28 U.S.C. § 2241 was dismissed for lack of subject matter jurisdiction, and alternatively, for failure to state a claim upon which relief could be granted. (*See* docs. 25-26.)  Petitioner electronically filed a notice of appeal of that judgment and motion for an extension of time to file a notice of appeal on August 13, 2015.  (*See* docs. 27, 28.)  On August 14, 2015, he electronically filed a second motion for an extension of time to file a notice of appeal.  (*See* doc. 29.)  On that same date, the Court also received in the mail a paper copy of the notice of appeal that was post-marked on August 11, 2015.  (*See* docs. 30, 30-1.)

**II. MOTIONS TO EXTEND TIME TO APPEAL**

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal by a party

in a civil case be filed within thirty days after the entry of the order or judgment being appealed. Fed. R. App. P. 4(a)(1)(A). Federal Rule of Appellate Procedure 4(a)(5) authorizes a district court to extend the time to file a notice of appeal if the party files a motion no later than 30 days after expiration of the 30-day time prescribed by Rule 4(a)(1) for filing a notice of appeal based on a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Because they were filed within the time prescribed by Rule 4(a)(5), Petitioner's motions may be liberally construed as motions for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). *See United States v. Garcia-Matias*, No. M-12-0118-&, 2013 WL 3884234, at *1 (S.D. Tex. July 25, 2013) (citing *United States v. Await*, 728 F.2d 704, 705 (5th Cir. 1984) (courts generally treat a pro se notice of appeal filed after the time for filing the notice of appeal but before the expiration of the 30-day time to seek an extension as a motion for extension of time to appeal); *United States v. Crespo,* Cr. No. C-10-009-1, 2010 WL 4678707 (S.D. Tex. Nov. 8, 2010) (construing late-filed motion for appointment of counsel as both a notice of appeal and a request for extension of time to file an appeal, but denying request for extension as untimely) (citing *United States v. Plasencia,* 537 F.3d 385, 388 (5th Cir. 2008)).

Here, the judgment was dated July 9, 2015, and was entered on the docket on July 10, 2015. The thirty-day time frame in Federal Rule of Appellate Procedure 4(a)(1)(A) expired on Sunday, August 9, 2015. Because the deadline for filing a timely notice of appeal fell on a Sunday, Petitioner had until Monday, August 10, 2015, to file his notice of appeal. He electronically filed his notice of appeal and his first motion for extension of time on August 13, 2015. (docs. 27, 28.) He claims that "[d]ue to no fault of his own, Petitioner was unable to file electronically through the ECF as the system denied access to ability to file 'User has no case to file in.'" Petitioner immediately filed with

2

the nearest U.S. postal facility." (doc. 28.)

Petitioner's notice of appeal was electronically filed on August 13, 2015, after his deadline expired. He appears to be relying on the "mailbox rule". The mailbox rule allows prisoner filings to be deemed filed on the date they are delivered to prison officials for mailing. *See* Fed. R. App. P. 4(C)(1); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). The federal "mailbox rule" does not apply to non-prisoner litigants such as Petitioner. *Babauta v. Harris County Sheriff's Dept.* No. H-08-251, 2010 WL 316810, n.1 (S.D. Tex. Jan. 23, 2010 (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Notwithstanding the inapplicability of the rule, Petitioner did not actually mail his notice of appeal until August 11, 2015, after his deadline had expired. He has not shown that his motions for extension of time to file a notice of appeal are supported by good cause or excusable neglect, and they should be denied.

### III. RECOMMENDATION

The motions for an extension of time to file a notice of appeal (docs. 28 and 29) should be **DENIED**.

**SIGNED this 27th day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE